United States District Court
Western District Pennsylvania
Erie Pennsylvania 16501

Derrick Rankine
　　vs
Superintendent Folino et. al.

C.A. #04-100 Erie.

Notice of Appeal of Order Denying Plaintiff's motion for an indefinite Continuance, until prison officials at SCI-Greene, returned all of Plaintiffs legal materials that were stolen on Febuary 11, 2005 and June 21, 2004, by the defendants and for the recusal of Judge Susan Paradise Baxter from cases C.A. 03-105 Erie, C.A. 03-313 Erie and C.A. #04-100 Erie.

(1) On December 20, 2004, during a restraining order hearing Judge Baxter was told by plaintiff that on August 15, 2004 defendant Blaker pushed plaintiff in two doors, brusting plaintiff mouth and breaking plaintiffs denture. On October 1, 2004, plaintiff was given new dentures, and the broken dentures were stolen by the defendants. Plaintiff was denied medical care for the above injuries by defendants the medical department, which caused the plaintiff unnecessary pain and sufferings.

2) On June 24, 2004 defendant Stickles, grabbed the plaintiffs arms which were handcuffed behind the plaintiff and twisted them causing severe pain, swellings, and again plaintiff was denied all medical care by defendant the medical department

3) On October 1, 2004 defendant Bowlin again assaulted the Plaintiff causing the Plaintiff's embarrassment and humiliation in the presence of other inmates by grabbing the Plaintiff penis and buttom

4) On November 21, 2004, defendant Engelshardt assaulted the Plaintiff, by pushing Plaintiffs break tray back into Plaintiffs cell and hitting the Plaintiff because Plaintiff refused to eat Plaintiffs breakfas that was spitted in, causing Plaintiff severe pain and suffering to Plaintiff again. Plaintiff was again denied medical care by defendant the medical department.

5) On June 21, 2004, defendants Tanner, Hall, Leggett Coy, Thompson, Davis, Cappossi, Martin, Burns Jackson and Folino, stolen all the Plaintiff legal materials then denied Plaintiff all meals, water, a mattress sheets, blanket, soap toothpaste, a shower, heat, until June 30, 2004. On June 30, 2004 Plaintiff was given water and a mattress, only. Plaintiff was given a meal on July 06, 2004, Plaintiff was then freezed night and day until July 16, 2004. On July 16, 2004 Plaintiff was moved from FB-8 cell to FC-12 and given two sheets, a blanket and a mattress. This caused Plaintiff unnecessary pain and sufferings, humiliation and embarrassment

6) On July 17, 2004, defendant Blaker told Plaintiff that he was going to hang the Plaintiff and claimed the Plaintiff committed suicide.

3

7) On July 31, 2004, defendants Grego, Anderson, Blaker, Tanner, Coy, Meighen and Guntuyu, flooded the Plaintiff's cell with feaces, urine and stinking water. Plaintiff was lefted in this condition until August 14, 2004. Plaintiff began having boils and bloody water ejecting from these boils before Plaintiff was moved to FIB-12 cell.

b) With the above facts and others before the court the Magistrate Judge recommended the denial of All restraining orders.

8) On Febuary 11, 2005, defendants Barkefelt, Jenkins Blaker, Steven, Frank, Grego, Bowlin and Stickles paid Inmate Vick to flood the Plaintiff's cell with urine, feaces, and water. The defendants then ordered the Plaintiff to leave Plaintiff's cell. After Plaintiff voluntarily lefted Plaintiff's cell, the defendants hand cuffed both of Plaintiff's arms behind Plaintiff back and tightened the handcuffs, then the defendants handcuffed both of Plaintiff feet and tightened the handcuffed, then the defendants began to twisted both of Plaintiff's arms and feet, causing severe pain and sufferings, swellings, back pain and head pain. Plaintiff was unable to stand or moved for three even with 1800mg of motrin per day. Plaintiff has taken 1800mg of motrin from Febuary to July 2005 and is still taking 1000mg of Acetuphenyl for these injuries that were inflicted on Febuary 11, 2005 when the defendants attempted to murder the Plaint

5) iff. It is Plaintiff contention that Judge Baxter condone and approve this assault on Plaintiff.
b) Plaintiff was then denied all meals by defendant Stevens, Jenkins, Gregg, Barkefelt and Frank.
c) On Febuary 14, 2004, PA Nuncy ordered an x-ray of Plaintiff's arms and legs, and defendants Frank, Meighen, Santoyo, Grainey, Davis, Fulino, Cappossi, Burns, Martin, Sacks, Iyan, refused to took Plaintiff to the x-ray room, and instead place Plaintiff on restricted movement. No x-ray was done until July 2005, here at SCI Fayette and the Plaintiff was given 1000mg per day for the constant pain and sufferings.
d) All of Plaintiff property, that was in FIB-3 on Febuary 11, 2005 were stolen by defendants, Frank, Jenkins, Barkefelt, Gregg, Binker, Steven, Fulino, Jackson, Meighen, Santoyo, Grainey, and the defendants still refused to returned the Plaintiff's legal property, yet Judge Baxter denied Plaintiff an indefinite continuance until the above property are returned.
8) On April 28, 2005, defendant Schmap, paid inmate Young to broke a tray. Defendant Schmap then gave Plaintiff a misconduct for breaking this tray that inmate Young broke. Plaintiff was then denied all meals and water from April 28, 2005 to May 4, 2005, when Plaintiff was sent to SCI Fayette.
b) Upon reaching SCI Fayette a blood-test was done, which shows that the Plaintiff have internal bleeding, severe liver damage, low blood count

;and that the defendant (medical department at SCI-Greene) deliberately, intentionally and knowingly attempted to murdered the Plaintiff; by inducing a liver failure in Plaintiff, by lying to Plaintiff that Plaintiff had bad colesterol from Febuary 2004 and forcing Plaintiff to take Niacin and Aspirin. Plaintiff was immediately taken off Niacin and placed on Ferrous Sulphate and Ranitidine 300mg; which stopped the Plaintiff's constant chest pain.

b) So, the Magistrate Judge erred due to biased in denying the Plaintiff a continuance until the defendants returned Plaintiffs property. Where, Judge Baxter, should be removed from this case, cases C.A 03-105 Erie and C.A # 03-313 Erie and the defendants be ordered to returned all of the Plaintiffs property; and this Court should order the United States Marshall to served the Complaint and Amended complaint on defendants Schmar, Johnson the medical department at SCI-Greene, Barkefelt, Grego, Jenkins, Frank, Grainey ect.

Respectfully Submitted
Demick Rankine
SCI-Fayette
P.O. Box 9999
Labelle PA 15450

07/15/05

United States District Court
Western District Pennsylvania
Erie Pennsylvania 16501

Derrick Rankine
 v
Superintendent Folino et al   C.A 04-100 Erie

## Proof of Service and Verification

Plaintiff Derrick Rankine, swears that all the within statements are true and that a copy of the within motion are been mailed to Office of Attorney General, 564 Forbes Ave, Manor Complex, Pittsburgh PA 15219. All statements are made under oath and the penalty of perjury pursuant to 28 U.S.C. §1746.

Respectfully Submitt
Derrick Rankine
EU 5850
SCI-Fayette
P.O. Box 9999
Labelle PA 15450

07/15/05.