IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK RANKINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-100E |
| | ) |
| LOUIS FOLINO, et al. | ) |
| | ) |
| Defendants. | ) Electronically Filed |

**DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT OR RELIEF UNDER F.R.C.P. 50**

AND NOW, come the defendants, Folino, Beard, Jackson, Barone, D'Eletto, Scott, Sacks, Hall, Gumbarevic, Meighen, Conner, Tanner, Santogo, Stickles, Stephen, Raunswinder, Manberry, Henry, Jordan, Ivan, Engelhardt, Thompson, Coy, Geehring, Blake, Anderson, Barr and James, who submit the following:

1. This case is presently listed for jury trial before this Honorable Court on January 22, 2007, having been listed accordingly by Order of Court on December 6, 2006.

2. It is a Section 1983 action under the Prison Litigation Reform Act in which plaintiff is pro se.

3. Motions for summary judgment were due to be filed in the case on or before October 19, 2006. Due to the press of other business undersigned counsel, who entered his appearance on the retirement of his former colleague, Mr. Englesberg, after this Court's ruling on the motion to dismiss the complaint and after an answer had been made, neither filed such a motion nor sought an extension of time to do so. By way of explanation, although not excuse, during the period beginning a month prior to that date and continuing until the present, counsel presented argument in two cases in the Commonwealth Court, one of which has since

resulted in a published opinion, Com. ex rel. Zimmerman v. Automart, 910 A.2d 171 (Pa. Cmwlth. 2006) and another an opinion Martinowski v. PennDOT, 805 C.D. 2006 in which counsel's motion for publication is currently pending; counsel extensively briefed a case before that court's original jurisdiction in which the plaintiff was seeking a preliminary injunction – Lindey v. PaLCE; counsel successfully moved for reconsideration of the denial of summary judgment in a counseled Section 1983 police misconduct case before Judge Hardiman of this Court, Hall v. Co. of Fayette, C.A. No. 03-1618, and unsuccessfully did so in another such case before Judge Conti; where reconsideration was denied following oral argument on October 19, 2006, in Corey v. Nassan, 2006 WL 2773465 (W.D.Pa.); counsel, following ten depositions including that of the plaintiff, and extensive document production, recently, on December 20, 2006, filed a motion for summary judgment and brief in a counseled employment discrimination case before Judge Gibson of this Court, McDevitt v. DOC, C.A. No. 05-166J; Counsel negotiated settlement of a complex employment discrimination case that was five years in litigation, Nahouraii v. IUP, C.A. No. 01-2461; Counsel also filed motions for summary judgment and briefs in three other PLRA cases before this Court Brightwell v. Lehman, Rohn v. Beard and Woods v. Abrams, and wrote the brief to assist a brand new colleague in a fourth,(Foskey v. Beard), as well as briefed preliminary objections for two other such cases in the Courts of Common Pleas of Somerset and Indiana counties – White v. Weaver and Kubistek v. Bell; and Counsel second chaired an evidentiary hearing in Ponton v. McCullough, C.A. No. 02-138J, before Magistrate Judge Lenihan of this Court on November 2, 2006.

    4.    In the course of beginning to prepare for trial of this case, counsel acquired and worked his way through the DOC's archives of plaintiff's extensive grievance files. Plaintiff filed somewhere in excess of 140 separate grievances at SCI-Greene alone for the period commencing with his arrival there on or around January 27, 2004 and ending on

2

September 20, 2004 alone. This time period incorporates all of the remaining allegations in this case and thus potentially covers all of the remaining defendants as well.

     5.    Counsel in doing so has come to the realization that, as remarkable as it may seem, and despite both the evident simplicity of the grievance process under DC-ADM 804 and repeated instructions from person in authority at various levels of the DOC's prison system concerning the important of doing it right and what he needed to do, <u>Mr. Rankin has never once properly exhausted administrative remedies for review of any pertinent grievance</u>. Most of the time he didn't even bother to deign to sign them despite incessant requests to do so by prison authorities. He frequently procedurally defaulted during the process, usually by not even proceeding to seek initial review of the grievance response. In a few otherwise immaterial instances, so far as the present case is concerned, of a couple of grievances having no bearing upon the remaining claims in this case, Mr. Rankin has demonstrated that he was capable of properly exhausting the grievance process. He also plainly knew how to sign his grievances if he wanted to. Indeed, looking at the mass of grievances in their entirety, the preceding facts, the evident outrageousness of the assertions made in some of them, and considering the language the plaintiff chose to express his views, it is certainly a plausible conclusion that Mr. Rankin was not so much attempting to use the grievance process to adjust his difficulties with aspects the prison system or its personnel that he experienced in his confinement as he was abusing the process as a tool to employ in expressing his hostility to his jailers.

     6.    Regardless, full compliance with the provisions of the grievance process is <u>in the highest degree mandatory</u> under the PLRA. Procedural default is inexcusable. The concept of substantial compliance has been dispelled, as has futility also. To obtain review of his claims for relief under Section 1983, now under the PLRA, a prisoner must first fully and fairly exhaust available administrative remedies for claims under the prison system; just as by

comparison he must similarly exhaust available remedies under state law before his claims for relief are cognizable in a federal habeas corpus action.

7. The U.S. Supreme Court has repeatedly endorsed the path breaking efforts of our own Third Circuit in this regard to these effects. E.g., Booth v. Churner, 532 U.S. 731, (2000); Woodard v. Ngo, ___ U.S. ___, 126 S.Ct. 2378 (2006); (citing with approval) Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). See also, Porter v. Nussle, 534 U.S. 516 (2002).

8. There are no claims triable to a jury or the Court in this case. While noncompliance with 42 U.S.C. § 1997e is technically not a jurisdictional bar to suit for all practical purposes it might as well be one. It works just the same way.

9. Defendants respectfully submit that this Honorable Court's due consideration of this motion therefore in advance of trial is in the best interests of judicial economy. It may be duly considered in terms of either a nunc pro tunc motion for summary judgment, one never having been previously filed in this case, or as a motion under F.R.C.P. 50 that may be filed at any time in a jury trial, which this case presently comprises.[1]

WHEREFORE, defendants respectfully request judgment in their favor as to all remaining counts of the complaint.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By: s/Kemal Alexander Mericli

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219

Kemal Alexander Mericli
Senior Deputy Attorney General
Attorney I.D. No. 27703

Date: January 10, 2007

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

---

[1] Defendants are presently preparing a supporting brief, statement of facts and an appendix, which they will file as soon as possible, containing all of the grievances.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 10, 2007 a true and correct copy of the foregoing Defendants' Motion for Summary Judgment or Relief Under F.R.C.P. 50 was electronically filed with the Clerk of Court using the CM/ECF system, and the document was mailed by United States Postal Service to the following non CM/ECF participants:


Derrick Rankine, EU-5850
State Correctional Institution
 at Fayette
P.O. Box 9999
LaBelle, PA    15450


                                                                    /sKemal Alexander Mericli_____
                                                                    Kemal Alexander Mericli
                                                                    Senior Deputy Attorney General



OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  January 10, 2007