IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK RANKINE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-100E |
| | ) | |
| | ) | Judge Sean J. McLaughlin |
| v. | ) | Magistrate Susan Paradise Baxter |
| | ) | |
| LOUIS FOLINO, et al. | ) | Electronically Filed |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NUNC PRO TUNC, OR RELIEF UNDER F.R.C.P.50.

And Now, come the remaining defendants Superintendent Folino, Jeffery Beard, Deputy Jackson, Deputy Barone, Sharon Delelto, Jean Scott, Dr. Sacks, Captain Hall, Lt. A. E. Gumbarevio, Lt. Meighen, Sgt. Conner, Sgt. Tanner, Sgt. Santogo, C.O. Stickles, C.O. Stephen, C.O. Rausenwinder, C.O. Manberry, C.O. Henry, C.O. Jordan, Mr. Ivan, C.O. Engelhardt, Thompson, C.O. Coy, Mr. Geehring, C.O. Blake, C.O. Anderson, Mrs. Barr, and Mr. Thomas James in this action by their attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and who submit the following brief in support of their motion for summary judgment, nunc pro tunc, or relief under F.R.C.P.50:

## **ARGUMENT**

**NONE OF MR. RANKINE'S GRIEVANCES ARE PROPERLY EXHAUSTED BARRING RELIEF UNDER THE PLRA.**

In their "Answer to Complaint and Amended Complaint," defendants raised non-exhaustion under the PLRA as their Twelvth Affirmative Defense on May 17, 2005. As an affirmative defense, it could not have been properly raised in their prior motion to dismiss and judicially considered unless it were apparent on the face of Mr. Rankine's own pleadings. Ray v. Kertes, 285 F.301 287, 293, n.5, 295, n.8 (3d Cir.2002). Accordingly, their noted failure to raise an exhaustion defense did not constitute a waiver of the defense at that stage of the proceedings. Magistrate Judge's Report and Recommendation (April 11, 2005) at 9, n.5.

The law strongly favors the consideration of affirmative defenses at the summary judgment state where they are dispositive of the case; even where they have not been duly raised in the answer as required by F.R.C.P.8(c), Eddy v. V.I. Water and Power Auth. 256 F.3d 204, 209, (3d Cir.2001) ([A] defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond . . . even though a motion for summary judgment is not the most appropriate way to raise a previously unplead defense of immunity, in cases where the plaintiff was not prejudiced, we have held there was no waiver."); G.R. Sponaugle & Sons, Inc. v. Hunt Constr. Group, inc., 366 F.Supp.2d 236, 242 (M.D. Pa. 2004) (permitting argument on affirmative defense of release at summary judgment stage); Giles v. General Elec. Co., 245 F.3d 474 (5th Cir. 2002); Saks v. Franklin Covey Comp., 316 F.3d 337 (2d Cir. 2003); Ledo Fin. Services Comp. v. Summers, 122 F.3d

2

825 (9th Cir. 1997). Cf., Curry v. City of Syracuse, 316 F.3d 324, 330 (2d Cir. 2003) (district court could consider collateral estoppel defense Sua Sponte). See also, Jackson v. D.C., 254 F.3d. 262, 267 (D.C. Cir. 2001) (permitting defendants to amend their answer to raise PLRA exhaustion in a prison conditions cases. Nevertheless, this point, strictly speaking, is immaterial here because the affirmative defense of non-exhaustion was raised in defendants' answer. Cf. Montgomery v. Ray, 2003 WL 2238980 (E.D. Pa.) (issue properly raised in a BOP case by a reference in a supporting affidavit to non-exhaustion)

Furthermore, Judge McLaughlin of this Court, on December 19, 2006, adopted the Magistrate Judge's Report and Recommendation of November 29, 2006, handed down from your Honor's own bench, in Clemens v. SCI-Albion, 2006 WL 3759740 (W.D. Pa.) (copy attached) that states in pertinent part the following in a PLRA case:

> "Plaintiff's argument for the application of estoppel and/or waiver principles in this regard is unavailing within this Circuit. See Hill v. Smith, 186 Fed.Appx. 271, 2006 WL 1674153 at 2 (3d Cir. June 19, 2006)."

**Id**. at 6.[1]

There has been no express, explicit rejection by defendants of the PLRA exhaustion defense here: rather they properly raised it in their answer. McEachin v. Beard, 136 Fed.Appx. 534, 535 (3d Cir. 2005). Where not too much time has passed, courts have even allowed an affirmative defense to be raised initially in a second

---

[1] So waiver cannot be an issue, even if there were a plausible factual premise for the claim, which there is not. Obiter dicta to the contrary exists, however, in Ray, supra at 293 and Smith v. Mensinger, 293 F.3d 641, 647, n.3 (3d Cir. 2002) but it is just that.

3

summary judgment motion. Smith, supra. Here there has been no previous motion. Even the fact that this motion is nunc pro tunc is effectively immaterial because the motion can be alternatively be characterized as a pretrial motion under F.R.C.P.50.

Since it is up to the defendants to prove affirmatively the affirmative defense of non-exhaustion under the PLRA, whether Mr. Rankine previously held his own copies of his grievances or not means nothing so far as prejudice is concerned. The burden is on the defendants to show non-exhaustion. Because Mr. Rankine plainly knows how to file grievances and how to utilize the grievance process and it has all been repeatedly explained to him by the prison authorities, he cannot claim entitlement to the benefit of equitable tolling. McEachin, supra at 335.[2] Therefore, under the PLRA non-exhaustion as an affirmative defense is before this Honorable Court on the merits.

All of Mr. Rankine's claims are barred by non-exhaustion on improper exhaustion resulting in their procedural default in this case. The law is now settled on the importance of proper exhaustion for PLRA claims. Wood Ford v. Ngo, ____ U.S. ____, 12.65.Ct. 2378 (2006). It is a Sine qua non, and nothing less in order for a "prison conditions" claim, itself a capacious concept, to be judicially cognizable in a section 1983 case. Porter v. Nussle, 534 U.S. 516 (2002).

Exhaustion under DC-ADM 804 available at (www.pa.com.state.us) requires the filing a proper grievance, appealing an unsatisfactory response for initial review by the

---

[2] This court ruled on December 5, 2005 that when Mr. Rankine was transferred to SCI-Fayette all his legal materials that he had at the time went with him. Then the claim changed its emphasis and alleged shape into an occurrence at SCI-Greene of confiscation of materials before his transfer. If his point is again that his copies of his grievances and the responses thereto were confiscated on February 11, 2005 and/or have gone missing, that has nothing to do with whether or not the DOC defendants can affirmatively prove he failed to file and/or exhaust grievances pertaining to the claims that he seeks to present in this case that allegedly arose in 2004. That is a matter of the DOC's records, not his. And the facts of all his actionable claims are pertinently detailed in report and recommendation of April 11, 2005, although he is presently getting copies of all the materials in the appendix to this motion.

4

superintendent and appealing an unsatisfactory response there to final review by the central office of the DOC and its Chief Grievance Review Officer.  Most of the time for whatever reason, be it obduracy, nonchalance or obnoxiousness, Mr. Rankine fell at the first hurdle usually by not signed the grievance; although sometimes he named no one against whom the grievance was directed or merged multiple disparate claims into one grievance.[3]  Accordingly, procedural default follows Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).  Three times, out of the plethora of grievances he filed covering the period of time encompassing all of his claims in this case from - January 20, 2004 to May 10, 2004 – at SCI-Greene he only bothered to go to Final Review three times.  See appendix 2.

At 75458 he complained about the quality of the breakfasts he was receiving and of not getting breakfast although he named no names.  Spruill, supra.  The grievance response pointed this out, along with noting that pancakes were not on his cardiac diet.  He filed an untimely appeal to the superintendent who rejected it accordingly.  This decision was upheld on Final Review.  There is procedural default at the first two levels.

At 76612 Mr. Rankine used the DC-ADM 804 procedure perfectly.  It shows that he knew how if he cared to do so.  However, the sole claim – that he should not be required to use his commitment name and could force the prison to use the name he chose to use instead – is not an issue in this case.

At 77982 he incorrectly merged three disparate grievances into one filing:  the seizure of unspecified legal, educational and religious materials and "all" of his Bibles; without giving a number; access to the copier; and a large quantity of typing paper (although he apparently does not type) and three mailing envelopes.  It was rejected for

---

[3] See Appendix 3.  Many fruitless efforts were made by the prison authorities to explain to him how to do things right and its importance.

5

multiplicity. The superintendent reiterated that rationale noting the lack of "a core organizing principle," which disposition was upheld on Final Review. So again there is procedural default on two levels. Therefore, none of the claims in plaintiff's complaint have been properly exhausted under the PLRA.

## CONCLUSION

WHEREFORE, Defendant's respectfully request that judgment in their favor be granted as to all claims remaining from the complaint and amended complaint.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By: /s/Kemal Mericli
Kemal Mericli
Senior Deputy Attorney General
Attorney I.D. No. 27703

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date: January 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, I electronically filed the foregoing **Brief in Support of Motion for Summary Judgment Nunc Pro Tunc, or Relief under F.R.C.P.50** with the Clerk of Court using the CM/ECF system.  This document will be mailed via U.S. mail to the following non CM/ECF participants:

**DERRICK A. RANKINE**
EU-5850
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450
PRO SE

                                                        /s/Kemal Mericli
                                                        Kemal Mericli
                                                        Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA   15219

Date:  January 12, 2007