United States District Court
Western District Pennsylvania

Derrick Rankine           C.A #04-100 Erie
        vs
Superintendent Folino et al.

Memorandum of Law In Support of Plaintiffs Motion For Default or Summary Judgment.

Retaliatory Conduct.

Although State Officials vehemently denies it, prisoners who speak out against prison conditions through media contacts, civil rights lawsuits or internal grievances are often subject to retaliatory conduct. This can range from annoying cell searches, and denial of prison services to matters of a more serious nature, including false misconduct reports, prison transfers, wanton and sadistic beatings and assaults and parole rejection recommendations. In Abu-Jamal v Price 154 F.3d 128 (3rd Cir. 1988) the Court found that SCI-Greens Officials opening, reading and copying of confidential attorney-client mails was motivated by mounting Public pressure to stopped Abu-Jamal from writing. Id 154 F.3d At 134.

In Castle V Clymer 15 F.Supp.2d 640 (E.D. Pa 1998) the district Court held SCI-Dallas Officials liable

for the retaliatory transfer of a prisoner who made statements about prison conditions to the media. Id. 15 F.Supp.2d at 665. Other Federal Courts have found similar constitutional violations, suggesting that retaliatory conduct is a far greater problem than State officials conceded. See Trobaugh V Hall 176 F.3d 1087 (8th Cir. 1989)(prison officials liable for confining prisoner in isolation in retaliation for his filing grievances), Goff V Burton 91 F.3d 1181, 1191 (8th Cir. 1996)(prison officials liable for retaliatory prison transfer of prisoner who brought civil rights action claiming overcrowding conditions. Gaston V Coughling 81 F.Supp.2d 381 (N.D. N.Y. 1999)(prison officials liable for retaliatory prison transfer of inmate who complained of kitchen work conditions), Gomez V Vernon 255 F.3d 1118, 1127 (9th Cir. 2001)(Finding that Idaho Department of Corrections had policy or custom of retaliating against inmate Law Clerks for providing legal assistance to prisoners, including prison transfer and false misconducts).

In Rauser V Brown 241 F.3d 330 (3rd Cir 2001)(A prisoner objected on religious grounds to attending a drug and alcohol treatment program which required participants to accept God as a

treatment for their addictions." 241 F.3d at 332. As a result of his religious belief and objections Rauser alleged that the Pennsylvania Department of Corrections transferred him from SCI-Camphill to SCI-Waynesburg, deprived him of a higher paying prison job, and denied him a favorable prison parole recommendation. Id. 241 F.3d at 332. The Lower Court agreed with Rauser that the religious program violated his constitutional rights under the Established Clause of the First Amendment. Id. However, the Court dismissed Rauser retaliation claim, holding that Rauser had no Federal constitutional rights to parole, prison wages or a special place of confinement. Id. 241 F.3d at 332.

The Third Circuit reversed, holding that the relevant question is not whether Rauser had a protected liberty interest in the privileges he was denied, but whether he was denied those privileges in retaliation for exercising those rights." 241 F.3d at 333. See also Allah V Sieverling 229 F.3d 220, 224-225 (3rd Cir. 2000)( government action which standing alone do

not violate the Constitution, may, nonetheless be constitutional torts, if motivated in substantial part by ~~adequate~~ a desire to punish an individual for exercise of a constitutional right). Id

Having established "that a prisoner litigating a retaliation claim do not need to prove that he had an independent liberty interest in the proceeding or privileges that he was denied", Rauser 241 F.3d at 333, the Third Circuit set forth the essential elements of a retaliation claim which are:

(1) A prisoner must first prove that the conduct which led to the alleged retaliation was constitutionally protected;

(2) The prisoner must show that he suffered some "Adverse Action" at the hands of prison officials. See Plaintiff's Affidavit for default Judgment

(3) The prisoner must establish a causal connection between the above first two elements by proving that his constitutionally protected conduct was a motivating factor in the adverse

Project [?] action taken against him. Id.

In the present case Plaintiff filed a civil action against the defendants in 2004. The defendants embarked on a terror campaign against Plaintiff, by denying Plaintiff all meals, water, exercise, access to the yard, shower ect ect. beatings, slamming Plaintiff into doors, ect. Freezing Plaintiff, Forcing Plaintiff to drink out of the tiolet bowl, Assaulting the Plaintiff, verbally, mentally and physically Abusing Plaintiff, and threatening to hang Plaintiff if Plaintiff do not withdraw this law suit ect. The defendants finally paid inmate George Vick (to flooded Plaintiffs cell on Febuary 11, 2005) with Plaintiff dinner, to flooded the teir and Plaintiff cell with water. After inmate George Vick flooded Plaintiffs cell, the defendants suited up and came to Plaintiff cell door, and ordered Plaintiff out of Plaintiffs cell. After, Plaintiff voluntarily came out of Plaintiffs cell, the defendants summarily broken plaintiffs wrists and ankles, without provocation or justifications. The defendants then stripped searched the

Plaintiff, humiliated degraded and demeaned the Plaintiff, then took Plaintiff to HB-5 cell. Plaintiff was then given three False misconducts. ect

Plaintiff was denied medical care, water and all meals, and clothings. ect between 02/02/05 to 18

All of Plaintiff's legal property that were in FIB cell on February 11, 2005 were confiscated and the defendants have refused to return this property to the Plaintiff even at this time. Plaintiff have filed numerous grievances, asking for the return of the above property to no avail. The defendants the conspired and injected Plaintiff with Hepatice virus. Between 02/18/05 to 05/04/05 Plaintiff was denied meals randomly. Between April 26 to May 4, 2005, Plaintiff was denied all meals and water, by the defendants. See Plaintiff's Affidavit.

A default judgment is appropriate remedy when litigant engaged in gross misconduct or retaliate against Plaintiff out of court. Benny

v Pipes 799 F 2d 429, 494 (9th Cir. 1986)(guards who knowingly failed to answer the complaint were defaulted). Hall v Mackey 720 F Supp 261, 262 (S.D. NY. 1989). See Abu-Jamal v Price supra.

Wherefore the Court should enter a default judgment of $15,000,000 against the defendants collectively or in the alternative order the defendants to return Plaintiffs property

Respectfully Submitted
Derrick Rankine
EU5850
SCI-Fayette
P.O. Box 9999
LaBelle PA 15450