**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DERRICK RANKINE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-100E |
| ) | |
| **LOUIS FOLINO, et al.** ) | |
| ) | **Electronically Filed** |
| Defendants. ) | |

**MOTION TO STRIKE AFFIDAVIT NO. 3 AND AFFIDAVIT OF**
**DERRICK RANKINE AND TO GRANT DEFENDANTS' PENDING**
**MOTION FOR SUMMARY JUDGMENT/RELIEF UNDER F.R.C.P. 50**

AND NOW, come the defendants, Folino, Beard, Jackson, Barone, D'Eletto, Scott, Sacks, Hall, Gumbarevic, Meighen, Conner, Tanner, Santogo, Stickles, Stephen, Raunswinder, Manberry, Henry, Jordan, Ivan, Engelhardt, Thompson, Coy, Geehring, Blake, Anderson, Barr and James, who submit the following:

**AFFIDAVIT #3**

1. Paragraph 1"(A)" of Affidavit #3 of Derrick Rankine the plaintiff (dated January 17, 2007) is palpably false. <u>All</u> of the grievances filed by the plaintiff were not rejected under the "guise" of him not using his commitment name, but many of them although once again by no means <u>all</u> of them were rejected for his obdurate refusal to sign them. Examination of the copies of them, and the responses to them as well, that have been both provided in the appendixes to the motion for summary judgment substantiates defendants' position.

2. Paragraph "1b" thereof is also self-evidently false for the same reasons, as is "1c." That is, the records belie his contentions, which he nevertheless makes with blithe disregard for the intractable facts to the contrary as shown by the records.

3. He did not exhaust his administrative remedies. He apparently rejoiced in refusing to do so, as the English would say. There is nothing like "substantial compliance" on the facts of this case, as will be shown.

4. Regarding Paragraph 3 thereof, it is not his commitment name. See attached Hearing Transcript - <u>Motion</u> <u>for</u> <u>Protective</u> <u>Order</u> - December 20, 2004 - (Docket No. 91) at 9.

5. Regarding Paragraph 4, this is just not true. <u>Id</u>. 6-10. He said just exactly the opposite in fact. A question is raised regarding the presumption of plaintiff's testimonial competency under F.R.E. 601 if this is not simply perjury, because it seems either that he cannot remember a judicial proceeding in this case at which he was constructively present and testified and actively participated that occurred just a little over 2 years ago or else he cannot discern truth from falsehood in his environment, or else he is insensible to the obligations of the oath.

6. Paragraph 4(b) is denied.

7. Paragraph 5 is denied. Plaintiff and the court were given copies of all pertinent records. There never were any more. It is worth reminding this Court that he baldly persisted in claiming that the facts regarding the filing of grievances by him were not as this Court could see them to be on the occasion of a past hearing. <u>Id</u>. at 11-12. <u>See also</u>, <u>Id</u>. at 25. It would strongly seem also by circumstances that when he was told he could not interrupt the hearing on that occasion to return to his cell for copies of grievances that he wanted to use in questioning a witness but had not brought with him, because the Court had them and offered to read them aloud to him preliminarily, he immediately attempted to circumvent these rulings and

2

have his way by using a transparent ploy that he needed to return to his cell to use the bathroom. Id. at 23-25.  A Dr. Sacks later testified that Mr. Rankine was "factually incorrect" in describing an interaction he had had that morning with the psychiatrist, Dr. Conn, in exactly the opposite of the way it had happened, noting he was "steadfastly" non-compliant with the psychiatric treatment recommended for him.  Id. at 34-35.  He said he welcomed treatment whom he had refused it.

8. This Court expressly found the contrary testimony of all the DOC witnesses at the hearing on December 20, 2004, including that of Mr. Davis, to be credible where plaintiff conversely contended that they were outright liars.

## AFFIDAVIT OF DERRICK RANKINE

9. In the affidavit dated (Jan. 15, 2007) plaintiff says at ¶ 2 thereof that Mr. Davis "admitted" that the plaintiff properly had properly appealed all of his grievances to all levels of review, which the transcript shows plainly was not his testimony.  The defendants' summary judgment record shows that he only went on to Final Review on 3 occasions one way or another and did not even bother to take an appeal to the superintendent.  Plaintiff says that the DOC's records have been altered or forged. The word alone, ipsi dixit, of a man with the sort of demonstrated credibility problems of the magnitude that this plaintiff has previously shown that he has, does not suffice to raise such a calumny for this Court's consideration.  There is no material dispute of fact premised upon what would seem to be his stubborn refusal to acknowledge reality, for whatever reason.

## DISCUSSION

10. The U.S. Supreme Court recently, on January 22, 2007, reaffirmed its strong commitment to the principle of mandatory exhaustion espoused in the PLRA. Speaking for a unanimous bench, the Chief Justice wrote the following statement of principles:

> In 2005, nearly 10 per cent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit.
>
> Congress addressed the challenge in the PLRA. <u>What this country needs, Congress decided, is fewer and better prisoner suits</u>.

<u>Jones v. Bock</u>, No. 05-7058, Slip Opinion at 2 (citations omitted and emphasis supplied). A copy is attached. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Id</u>. at 10.

11. Our circuit has rejected a claim of "substantial compliance" where the prisoner, who had not bothered to appeal an unsatisfying initial response to his grievance before filing a civil rights action, then hurried up and belatedly filed an unsuccessful appeal to the superintendent and then appealed to Final Review after a motion to dismiss his complaint for non-exhaustion had been made by the Corrections defendants. <u>Ahmed v. Sromovoski</u>, 103

4

F.Supp. 2d 836 (E.D. Pa. 2000), aff. sub non., Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002).

12.  This Court has personal familiarity with the determination of substantial compliance in Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000) because it made the original nisi prius decision later upheld on appeal. This case bears no comparison with Camp. DOC did not take up and resolve Mr. Rankine's claims on their merits by means of an effectively determinative high level OPR investigation thus mooting the grievance process. Pew v. Torma, 2005 WL 3447926 (W.D.Pa. 2005) at 5-6. Certainly, DOC did not essentially waive strict compliance with the grievance process here also. Casey v. Smith, 71 Fed. Appx. 916, 918 (3d Cir. 2003). Nor does plaintiff say - plausibly or otherwise - that anyone mislead him about what to do under DC-ADM 804. Brown v. Croak, 312 F.3d 109 (3d Cir. 2002). He did it right once for that matter.

13.  While he has submitted affidavits purporting to defeat summary judgment, the plaintiff's affidavits here are impertinent, as has been shown, and are unworthy of consideration. They are mere form without substance. For no apparent reason, he refuses to acknowledge that DOC's records say what they do and claims ipsi dixit they are fraudulent. See Johnson v. Blaine, 2006 WL 340578 at 1 citing DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Obviously if this were enough, an expedient, perjurious form affidavit to the effect that no matter what the records and their custodians say, exhaustion was accomplished, would serve as a sufficient artifice to completely circumvent the PLRA and make it a dead letter. That does not jibe with the Supreme Court's opinion in Jones.

WHEREFORE, these affidavits should be stricken and defendants motion for summary judgment be GRANTED.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:  s/Kemal Alexander Mericli
Kemal Alexander Mericli
Senior Deputy Attorney General
Attorney I.D. No. 27703

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date: January 24, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2007 a true and correct copy of the foregoing Motion to Strike Affidavit No. 3 and Affidavit of Derrick Rankine and to Grant Defendants' Pending Motion for Summary Judgment/Relief Under F.R.C.P. 50 was electronically filed with the Clerk of Court using the CM/ECF system, and the document was mailed by United States Postal Service to the following non CM/ECF participants:

Derrick Rankine, EU-5850
State Correctional Institution
 at Fayette
P.O. Box 9999
LaBelle, PA   15450

/sKemal Alexander Mericli_____
Kemal Alexander Mericli
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  January 24, 2007