United States District Court
Western District Pennsylvania

Derrick Rankine
  vs                C.A.#04-100 Erie.
Superintendent Folino et Al.

Plaintiffs Objections to Magistrate Judge Recommendations.

(1) The Magistrate Judges recommendation should be rejected for the following reasons

(a) the defendants conceded that Plaintiff did filed 19 grievances between January 29, 2004 Appealed all 19 grievances to the Superintendent then Appealed all 19 grievances to SCI-Camphill, So Plaintiff did completed all Administrative remedies.

(b) Had Plaintiff not completed all Administrative remedies the defendants would not have confiscated all of Plaintiffs legal material on Febuary 11, 2005 and refused to returned Plaintiffs legal property.

(c) the defendants refused to address Approximately all 19 grievances under the guise that Plaintiffs name is Derrick Rankin and

PAGE

not Derrick Rankine. See Spruill v. Gillis 372 F.3d 218 (C.A. PA 2004)("We hold that so long as an inmate presents his or her grievance to prison officials and appeals through the available procedures, the inmate has exhausted his or her administrative remedies and the prisons decision not to address the grievance because it was untimely under prison rules shall not bar the Federal suit)." Id 372 F3d at 228 and "Compliance with the administrative remedy scheme will be satisfactory if it is substantial)" Id 372 F.3d at 232 citing Nyhuis v Reno 204 F.3d 65 at 77-78 (Cir 3, 2002)

d) Plaintiff's name and commitment is Derrick Rankine and not Derrick Rankin as defense Exhibit S.C #1 shows.

e) Prison officials may not forced an inmate to violate the Laws of the United States and Commonwealth of Pennsylvania, yet, this is what the Magistrate Judge is recommending that Plaintiff must break

the Law if prison officials told Plaintiff to break the Law, in violations of the Laws of the United States and Commonwealth of Pennsylvania. See Spruill V. Gillis 372 F.3d At 235 (we are likewise hopeful that our holding today on procedural default and waiver will not engendered a prison grievance review culture marked by technicalities, but will instead foster the cooperative resolution of legitimate grievances by further encouraging prisoners to avail themselves of the form usually best suited to redress those grievances) Id 372 F.3d At 235.

Finally, Plaintiff swears under oath and the penalty of perjury pursuant to 28 U.S.C. §1746, that between January 20, 2004 to December 20, 2004, Plaintiff filed 19 grievances, appealed all 19 grievances to the Superintendent then appealed all 19 grievances to SCI-Camphill and that all of Plaintiff

Page 4

legal property with the evidence of the above were confiscated on Febuary 11, 2005 and that prison officials refused to returned the above evidence in violations of the Laws of the United States and Commonwealth of Pennsylvania

Therefore, the Court should denied the defendants' motion for Summary Judgment as this issue was waived and enter a default judgment of $15,000,000 for Plaintiff or enter Summary Judgment of $15,000,000 for Plaintiff and order the defendants to return Plaintiff's legal property

Respectfully Submitted
Donick Rankine
EU6850
SCI-Fayette
P.O. Box 9999
Labelle PA 15450.

Note
Judge Means is Plaintiff's trial sentencing and P.C.R.A Judge D.R.